UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMERICAN AUTOMOBILE INSURANCE
COMPANY,

    Plaintiff,

v.                                                Case No: 6:16-cv-1033-Orl-TBS

OMEGA FLEX, INC.,

    Defendant.

## ORDER

Pending before the Court is Defendant Omega Flex, Inc.'s Motion to Compel Plaintiff's Responses to Interrogatory No.'s 18-22 (Doc. 50), Plaintiff's opposition brief (Doc. 53), and Defendant's reply (Doc. 57). Upon consideration, the motion is **GRANTED.**

This is a subrogation claim brought by Plaintiff, American Automobile Insurance Company, against Defendant Omega Flex, Inc., to recover damages incurred as a result of a lightning strike and subsequent fire on June 23, 2015, at the residence of Plaintiff's insureds (Doc. 1, ¶¶ 2, 12-13). Defendant served interrogatories to Plaintiff, numbered 1 through 22, and Plaintiff responded. Plaintiff's response includes objections to interrogatories 18 through 22 on the basis that, including all subparts, Defendant exceeded the twenty-five interrogatory limit established by Rule 33(a), Federal Rules of Civil Procedure. Specifically, Plaintiff asserted:

> Plaintiff objects to this interrogatory because it is in excess of the 25 written interrogatories, including discrete subparts, allowed under Federal Rule of Civil Procedure 33(a)(1) and 2014 [sic] and no motion has been filed or written request by Defendant seeking permission to submit additional interrogatories. Plaintiff objects because it would be unfair to allow Defendant to attempt to submit more than 25

> interrogatories when Plaintiff has kept its requests within the limit of 25. "[A]n interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory." Diehl v. Bank of Am. Corp., 2010 U.S. Dist. LEXIS 94876, at * 11, Case No. 3:09-cv-1220-J-25MCR (M.D. Fl. August 23, 2010). Plaintiff objects because several of Defendant's prior interrogatories contain multiple, discrete subparts calling for inquiries into multiple, discrete areas and/or seek additional description of documents as an additional question posed within the original interrogatory.
>
> Plaintiff reserves the right to supplement its response as additional discovery is conducted, in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure, and in accordance with any additional Orders issued by the Court regarding permission for Defendant to serve more than 25 interrogatories on a party. Plaintiff also reserves the right to serve objections to this interrogatory or any additional interrogatories should the Defendant seek and the Court grant permission to serve additional interrogatories in excess of 25.

(Doc. 50-2 at 21, et seq.) Defendant claims that the interrogatories number only twenty-two in total and moves to compel answers to interrogatories 18 through 22.

Federal Rule 33(a) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." FED. R. CIV. P. 33(a)(1). "Courts in this Circuit often use a 'related question' test to determine whether a subpart is part of an interrogatory or is more properly considered a discrete, separate interrogatory." Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc., No. 13-23881-CIV, 2014 WL 5319866, at *5 (S.D. Fla. Oct. 16, 2014). Applying this test, courts assess "whether the particular subparts are logically or factually subsumed within and necessarily related to the primary question. ... If the subparts are subsumed and necessarily related to the primary question, then the subpart is not "discrete" within the meaning of Rule 33(a)." Oliver v. City of Orlando, No. 6:06CV-1671-

ORL-31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) (internal citations omitted). "[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question." Border Collie Rescue, Inc. v. Ryan, No. 3:04CV568J32HTS, 2005 WL 662724, *1 (M.D.Fla. Mar.15, 2005) (further noting that "an interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory.") See also Ingole v. Certain Underwriters at Lloyd's of London, 808-CV-1089-T-27EAJ, 2009 U.S. Dist. LEXIS 41478, at *4 (M.D. Fla. 2009) ("It is of no consequence that the interrogatories as a whole cover more than one topic, however. What matters for the purposes of Plaintiff's motion is that the subparts of a particular interrogatory are related to the primary question."); Diehl v. Bank of Am. Corp., 3:09-CV-1220-J-25MCR, 2010 U.S. LEXIS 94876, at *11 (M.D. Fla. 2010) (same).

The "main basis" for Plaintiff's objection is that "for interrogatories 2, 7, 8, 9, 12 and 15[,] Defendant generally concluded each interrogatory with an entirely new written question asking Plaintiff to 'describe each document.'" (Doc. 53 at 5). Plaintiff argues that asking a party to "describe" documents is a separate, discrete interrogatory from the preceding one asking for an "identification" of information (Doc. 53). In support of this argument, Plaintiff cites Banks v. Office of the Senate Sergeant-At-Arms & Doorkeeper, 222 F.R.D. 7, 10 (D.D.C. 2004) ("a demand for information about a certain event and for the documents about it should be counted as two separate interrogatories") and Larson v. Correct Craft, Inc., 2006 U.S. Dist. LEXIS 78028, Case No. 6:05-cv-686, * 12 (M.D. Fl. 2006) (finding "an interrogatory that combines a request for identification of information with a request for identification of documents constitutes two separate interrogatories").

The Court is not persuaded that the use of "identify" and "describe" in the interrogatories are two unrelated and discrete inquiries. In order to "identify" a document, one must, to some extent, "describe" it. Indeed, Defendant's instructions and definitions section in the interrogatories defines "Identify" as follows:

> 8. "'Identify' or 'identity' when used with regard to a document means to give the type of document (e.g. letter, memorandum, telecopy, telegram, chart, reports, etc.), the date, author, addressee, file and/or identifying number, and the name and address of its custodian and the custodians of all copies or, if the document no longer exists, the date on which and the reason for which it was destroyed and by whom."

(Doc. 50-1, pp. 4-5). It strains reason to conclude that the detailed description of documents required by this definition (type of document, date, author, recipient, address of custodian) is somehow wholly divorced from the document's contents. See Ingole, 2009 U.S. Dist. LEXIS 41478 at *3-4 (finding that questions regarding circumstances surrounding the preparation of documents as well as the substance of the documents constituted a single interrogatory). This is made clear by a review of the interrogatories at issue.

> 2. Please state the name and address of each person known, or reasonably felt by you, your attorney, or other representative to be somebody who: (a) was an eyewitness to the incident described in the Complaint; (b) was not an eye witness, but has knowledge of some of the facts or circumstances upon which the allegations of negligence or damages contained in the Complaint are based; and (c) has possession or control of any map, drawing or photograph relating to the facts in this case and, if so, briefly describe such map, drawing, or photograph and what it purports to represent.

According to Plaintiff, this interrogatory contains five questions in that it raises new questions in subpart by asking to "describe" and not just "identify." The objection is not well taken. Subparts regarding witness statements, by whom, when, to whom, and the

- 4 -

substance and context of the statements, are related and connected. Forum Architects, LLC v. Candela, No. 1:07CV190-SPM/AK, 2008 WL 217119, at *2 (N.D. Fla. Jan. 23, 2008).

> 5. Identify when and where the lightning strike you allege in your Complaint occurred and all individuals with personal knowledge of the circumstances surrounding the lightning strike.

This is a "common theme" interrogatory, and both subparts relate to the primary question of the circumstances surrounding the lightning strike.

> 7. Identify the date when any products, and components thereof, that Omega Flex designed, manufactured, distributed, supplied, sold, or placed into the stream of commerce were installed at the subject property, including the identity of any person or entity that installed and/or serviced these products, parts, features, or components and a description of any documents relating thereto.

Although Plaintiff deems this to consist of two parts – 1) "identify" and 2) "describe" the documents, Defendant is asking Plaintiff for information regarding the common theme; namely, Defendant's products installed at the property. This is properly counted as a single interrogatory.

> 8. Identify by name, general description, function performed, serial number, part number, and physical dimensions all products, and components that Omega Flex manufactured, distributed, supplied, sold, or placed into the stream of commerce that you contend caused or contributed to the incident and, for each such product and component thereof, state each fact and describe each document that supports such contention.

As with interrogatory No. 7, this interrogatory seeks information regarding a single topic – the product or products that are alleged to have caused the fire at issue. This is properly counted as a single interrogatory.

> 9. Identify by name, general description, function performed, serial number, part number, and physical dimensions all

> products, parts, features, and components that Omega Flex manufactured, distributed, supplied, sold, or placed into the stream of commerce that you contend were defectively designed, manufactured, or assembled, or were otherwise unreasonably dangerous, including the identity of each person with knowledge of the alleged defect and a description of each document relating or referring to the alleged defect.

Although Plaintiff again contends that this interrogatory is two questions (identify products and then describe documents), the interrogatory is asking for evidence pertaining to Plaintiff's claim of product defect. This, too, is properly counted as a single interrogatory. This conclusion holds for interrogatory 12, as well.[1]

Although the parties dispute the number of questions contained in interrogatory 15, the Court need not analyze that interrogatory, as the above findings bring the total number of interrogatories under the twenty five limit, including Interrogatories 18-22.

Therefore, the motion is **GRANTED.** Plaintiff shall answer the Interrogatories within fourteen days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2016.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[1] 12. If you claim Omega Flex knew or should have known that any part, feature or component that you have been requested to identify in your Answer to Interrogatory No. 9 was defective or unreasonably dangerous, identify the basis for this allegation including any occurrences, data, or other information that you contend constituted notice of a defect to Omega Flex, identifying each person with knowledge thereof, and describe each document relating or referring to, your answer to this Interrogatory.